# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## CASE NO. 25-13615-A

---

FRED WENNBERG,

Appellant,

v.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

Appellee.

---

## APPELLANT'S UNOPPOSED MOTION TO STAY THE APPEAL

---

On Appeal from the United States District Court
For the Southern District of Florida
*L.T. Civil Case No. 22-cv-23847-Civ-BloomGoodman*

Kavan Vartak, Esq.
MOORE & COMPANY, P.A.
255 Aragon Ave., Third Floor
Coral Gables, FL 33134
Telephone: 786-221-0600
Facsimile: 786-221-0601
kvartak@moore-and-co.com
*Counsel for Appellant*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to the Eleventh Circuit Rule 26.1, undersigned counsel for the Appellant certifies that the following persons do or may have an interest in the outcome of this case:

1. Moore & Company, P.A.

2. Michael T. Moore, Esq.

3. Kavan Vartak, Esq.

4. Gabriel Pla, Esq.

5. Campbell Johnston Clark, LLP

6. Neil Bayer, Esq.

7. Chase Jansson, Esq.

8. Rumberger Kirk & Caldwell, P.A.

9. Joshua D. Lerner, Esq.

10. Katherine V. Becerra, Esq.

11. United States District Judge Beth Bloom

12. Eric Ward

13. Fred Wennberg

14. Utopia Yachting LLC

15. M/Y UTOPIA IV, Official No. 1305829

16. ALM Yacht Management d.o.o.

17. Market America

## **CORPORATE DISCLOSURE STATEMENT**

Appellees M/Y UTOPIA IV, Official No. 1305829, MMSI No.339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, and UTOPIA YACHTING LLC, *in personam*, do not have a parent corporation and do not have any publicly held corporations that own 10% or more of its stocks.

## APPELLANT'S UNOPPOSED MOTION TO STAY THE APPEAL

Plaintiff-Appellant Fred Wennberg, by and through undersigned counsel, respectfully moves this Court to stay the appeal in the above-captioned matter pending the United States District Court's resolution of Defendants-Appellees' pending Motion to Strike Plaintiff'-Appellant's Election for a New Trial (Dist. Ct. D.E. 478). This motion is made pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), which governs the effect of post-judgment motions on the timing and jurisdiction of appeals.

## Background

On October 15, 2025, Plaintiff-Appellant filed a notice of appeal to preserve appellate rights while the District Court considers Defendants' motion to strike Plaintiff's election for a new trial. The notice of appeal was filed under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), which provides that a notice of appeal filed before the disposition of certain post-judgment motions becomes effective only upon the entry of an order disposing of the last such motion. Fed Rules App Proc R 4.  The District Court has not yet ruled on the pending motion, and the outcome of that ruling will directly impact the issues on appeal.

## Legal Basis for Stay

Federal Rule of Appellate Procedure 4(a)(4)(B)(i) explicitly states that a notice of appeal filed before the resolution of a motion listed in Rule 4(a)(4)(A)—including a motion for a new trial—does not take effect until the District Court resolves the motion. Fed Rules App Proc R 4, *Ruiz v. Wing,* 991 F.3d 1130 (11th Cir. 2021). Courts have consistently held that such motions toll the time for appeal and that appellate proceedings should not advance until the District Court has issued its ruling. *Ruiz v. Wing,* 991 F.3d 1130, *Green v. DEA,* 606 F.3d 1296 (11th Cir. 2010). This ensures that the appellate court has jurisdiction over a final and complete record, avoiding piecemeal litigation and preserving judicial resources.

## Argument

Proceeding with the appeal at this stage would be impractical and inefficient. The pending motion in the District Court could alter the procedural posture or substantive issues of the case, rendering any appellate proceedings premature. Staying the appeal will allow the parties to focus their resources on resolving the motion in the District Court and will ensure that the appellate process proceeds in an orderly and efficient manner once the District Court has issued

its ruling. Should the trial court grant Plaintiff Wennberg the opportunity for a new trial, this appeal will become moot. Thus, for judicial economy, this appeal should be stayed pending resolution Defendants' motion to strike Plaintiff's election for a new trial with the trial court. The Defendants do not oppose the stay of this appeal.

## **Conclusion**

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court stay the appeal pending the District Court's resolution of the motion to strike Plaintiff's election for a new trial. Plaintiff-Appellant further requests that the Court extend any applicable deadlines for filing briefs or other submissions until the stay is lifted.

Dated: October 30, 2025

Respectfully submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Appellant*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
kvartak@moore-and-co.com

s/Kavan Vartak
Kavan Vartak, Esq.
Florida Bar No. 1017058

## **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the foregoing was filed on October 30, 2025, with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the Court's CM/ECF system, which will provide service on this day to all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF to:

Joshua D. Lerner, Esq.
Katherine V. Becerra, Esq.
Rumberger, Kirk & Caldwell, P.A.
80 S.W. 8th Street, Suite 3000
Miami, FL 33130
Ph: 305-558-5577
Fax: 305-371-7680
jlerner@rumberger.com
kbecerra@rumberger.com
*Counsel for Appellee*s

s/Kavan Vartak
Kavan Vartak, Esq.
Florida Bar No. 1017058

## <u>CERTIFICATE OF COMPLIANCE</u>

We hereby certify that this document complies with the word count requirement and has been prepared in Bookman Old Style 14-point font per Fed. R. App. P. 32.

<u>s/Kavan Vartak</u>
Kavan Vartak, Esq.
Florida Bar No. 1017058